IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLYN K. REED and | ) |
| BOBBY L. REED, SR., | ) |
| Individually and ROCK K. REED | ) |
| and BOBBY L. REED, SR. as | ) |
| Co-Administrators of the Estate of | ) |
| BOBBY L. REED, JR., | ) CIVIL ACTION |
| | ) |
| Plaintiffs, | ) |
| v. | ) FILE NO. 1:04-CV-2870-CAP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| S-TEC CORPORATION, MEGGITT | ) |
| AVIONICS, INC., VIBRO-METER | ) |
| INC., MEGGITT-USA, INC., and | ) |
| ABC CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY

1.     All written materials produced or disclosed by S-TEC Corporation, Meggitt Avionics, Inc., Vibro-Meter, Inc., and Meggitt-USA, Inc. (collectively referred to herein as "S-TEC") in this litigation (including, but not limited to, documents, interrogatories, responses to requests for admissions, and deposition testimony) which S-TEC believes to contain trade secrets, proprietary information or other confidential material shall be designated as confidential by affixing a label to the first page of the document with the following legend "CONFIDENTIAL subject to PROTECTIVE ORDER" or by informing the attorneys for Plaintiffs and Defendants by letter that the documents are "Confidential," and shall be revealed only as provided herein.  By entering this Stipulation and Order Regarding Confidentiality, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court.  Any dispute amongst the parties as to the confidentiality of any specific material shall be resolved pursuant to paragraph 3 of this Stipulation and Order Regarding Confidentiality.

2.     For the purposes of this Stipulation and Order Regarding Confidentiality, the term "this litigation" shall include the above-captioned case and any claim for damage or other relief, however denominated, brought in any court, without limitation, involving or in any way relating to injuries allegedly sustained as a result of the February 6, 2002 accident ("Accident") as described by Plaintiffs in the Complaint.

3.     If any party believes that any material produced does not contain confidential or trade secret information, it may, at any time, contest the applicability of this Stipulation and Order Regarding Confidentiality to such material by notifying the attorneys for S-TEC and identifying the material contested.  Upon such notification, S-TEC shall have forty-five days (45) days in which to make a specific Motion for Protective Order with respect to such material.  As to any contested material for which such a motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Stipulation and Order Regarding Confidentiality.

4.     The attorneys for Plaintiffs and Defendants may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

   a.   Plaintiffs and Defendants in this litigation;
   b.   Members of the legal or support staff of the Plaintiffs' attorneys and Defendants' attorneys' offices; and
   c.   Experts retained by Plaintiffs' attorneys and Defendants' attorneys to assist them in the evaluation, preparation or testimony in this litigation.

All such persons shall be bound by all terms of this Stipulation and Order Regarding Confidentiality as if a party to this lawsuit.  The attorneys for Plaintiffs and Defendants shall be responsible for explaining all duties and responsibilities hereunder, and providing a copy of this Stipulation and Order Regarding Confidentiality and Exhibit A thereto, to each person to whom the attorney is to provide protected material pursuant to this Stipulation and Order Regarding Confidentiality prior to disclosing any protected material to each such person.

The attorneys for Plaintiffs and Defendants shall not, under any circumstances, exhibit, provide copies of or otherwise disclose the content of any protected materials to any person, except as listed above, including but not limited to the following:

    d.    Any competitor of S-TEC or any known agent, consultant or affiliate thereof, or any attorney if the attorney seeking to disclose protected material knows that attorney, or any person in that attorney's firm, is employed by or expects to be employed by any competitor of S-TEC. (As used in this Stipulation and Order Regarding Confidentiality, the term "competitor" shall mean any company engaged in the design, manufacture or sale of equipment or components for use in the aviation industry);

    e.    Any party (or that party's attorney) that the attorney seeking to disclose protected material knows or has reason to know has or may have any claim against S-TEC or any of its affiliates.

5.    The attorneys for Plaintiffs and Defendants shall not make any disclosure of protected materials pursuant to paragraph 4 of this Stipulation and Order Regarding Confidentiality to any person, other than their own legal or support staff, without first having obtained from each proposed recipient a signed "Nondisclosure Agreement" in the form attached as Exhibit "A."

6.    The attorneys for Plaintiffs and Defendants shall provide S-TEC with a copy of each such signed Nondisclosure Agreement within 30 days after final conclusion of all aspects of this litigation. Further, within said time, the attorneys for Plaintiffs and Defendants shall also provide S-TEC with an affidavit from each recipient of protected materials, other than their own legal or support staff, confirming that the recipient has not disseminated protected materials to anyone, that he has returned all protected materials to the attorney who provided him with the protected materials, and that he has not retained any copies of any protected materials.

7.    In the event that any person (a) is served with a subpoena in another action, or (b) is served with requests for production of documents, interrogatories, or any other type of formal or informal demand in another action to which he or she is a party, or (c) is served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of proprietary or confidential information, that person shall give prompt written notice of such event to counsel of record for S-TEC and shall object to its production. Upon receipt of written notice, S-TEC shall advise the person who is to respond to the subpoena, demand or other legal process of S-TEC's position. Thereafter, S-TEC shall assume responsibility for preserving and prosecuting any objection to the subpoena, demand or other legal process. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

Should the person seeking access to the confidential or proprietary information take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of the Stipulation and Order Regarding Confidentiality. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of proprietary or confidential information, or to subject himself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

8. Any document or pleading filed with this Court that contains or refers to proprietary or confidential information shall be filed in a sealed envelope bearing the title of the case, the title of the document, and a notation: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO THEN BE RESEALED."

9. Inadvertent production by any party of a document containing attorney-client communications, attorney work product, other privileged information, confidential information or proprietary information shall not constitute a waiver of privilege. Any such document and any copies made of it shall be returned to the producing party immediately upon its request.

10. The terms of this Stipulation and Order Regarding Confidentiality shall apply automatically to actions arising from this litigation which are later filed in, removed to, or transferred to this Court.

11. The provisions of this Stipulation and Order Regarding Confidentiality shall not terminate at the conclusion of this litigation. Within 30 days after final conclusion of all aspects of this litigation, confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 60 days after final termination of this litigation.

This Stipulation and Order Regarding Confidentiality may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

SO ORDERED this 22nd day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

s/ Andrew J. Ekonomou
ANDREW J. EKONOMOU
Georgia Bar No. 242750
EKONOMOU ATKINSON & LAMBROS, LLC
450 The Hurt Building
50 Hurt Plaza, S.E.
Atlanta, Georgia 30303
Telephone (404) 221-1000
Telefax (404) 577-3900
(Counsel for Defendants S-TEC Corporation, Meggitt Avionics, Inc., Vibro-Meter, Inc., and Meggitt-USA, Inc.)

MICHAEL G. McQUILLEN, *pro hac vice*
KEVIN W. MURPHY, *pro hac vice*
Adler Murphy & McQuillen
One North LaSalle St.
Chicago, Illinois 60602
Telephone (312) 345-0700
(Counsel for Defendants S-TEC Corporation, Meggitt Avionics, Inc., Vibro-Meter, Inc., and Meggitt-USA, Inc.)

s/ Edward Ross Still by DJA with permission
EDWARD ROSS STILL
Scherffius Ballard Still & Ayers
1201 Peachtree Street N.E.
400 Colony Square, Suite 1018
Atlanta, Georgia 30361
Telephone (404) 873-1220
(Counsel for Plaintiffs)

<u>s/ Terence M. Healy by DJA with permission</u>
TERENCE M. HEALY
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 14271
Washington, DC 20044-4371
Telephone (202) 616-4106
(Counsel for Defendant United States of America)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAROLYN K. REED and <br> BOBBY L. REED, SR., <br> Individually and ROCK K. REED <br> and BOBBY L. REED, SR. as <br> Co-Administrators of the Estate of <br> BOBBY L. REED, JR., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> S-TEC CORPORATION, MEGGITT <br> AVIONICS, INC., VIBRO-METER <br> INC., MEGGITT-USA, INC., and <br> ABC CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) <br> ) <br> ) FILE NO. 1:04-CV-2870-CAP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## EXHIBIT A

I _____,
declare as follows:

    1.    I understand that the information and/or documents to be provided to me identified as confidential are subject to a Stipulation and Order Regarding Confidentiality in the federal court action titled *Carolyn K. Reed, et al. v. USA, et al.* (Case No. 1:04-CV-2870-CAP) (hereinafter "this litigation") and constitute confidential information that is to be used only for the purpose of this litigation. I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

    2.    I have read the Stipulation and Order Regarding Confidentiality entered in this litigation and agree to be bound by its terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Stipulation and Order

Regarding Confidentiality. I further understand that I must return all copies of confidential information at the conclusion of this matter.

3. I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Stipulation and Order Regarding Confidentiality against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____, this \_\_\_ day of _____, 2005.

_____